IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Glenn D. Bright, | ) | C/A No. 0:12-2259-CMC-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Chris White; Ken Pollet; and P. Kaufmann, Inc., | ) | |
| Defendants. | ) | |

The plaintiff, Glenn D. Bright ("Bright"), who is self-represented, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; against the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss the claims against the individual defendants. (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Bright of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 61.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order advising the plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff additional time in which to file his response to the defendants' motion. (ECF No. 70.) Bright filed a response to the court's order essentially stating his "inten[t] to continue the action," (ECF No. 72), but advancing no legal argument in opposition to the defendants' motion. Having reviewed the parties' submissions and

*PJG*

the applicable law, the court finds that the defendants' motion should be granted and Bright's Title VII claims against Defendants White and Pollet should be dismissed.

## BACKGROUND

This action arises out of the plaintiff's employment with Defendant P. Kaufmann, Inc. He alleges that he was passed over for promotion and harassed due to his race. The only causes of action raised Bright's Complaint are Title VII claims against Defendant P. Kaufmann, Inc.; Defendant White, Bright's direct supervisor; and Defendant Pollet, P. Kaufmann, Inc.'s Director of Human Resources.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious

Page 2 of 4

PJG

case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The defendants correctly assert that Bright cannot pursue her claims pursuant to Title VII against the individual defendants, White and Pollet. Such claims are precluded by the decision of the United States Court of Appeals for the Fourth Circuit in Lissau v. S. Food Serv., Inc., 159 F.3d 177 (4th Cir. 1998), which held that Title VII does not provide for individual liability. Id. at 180.

## RECOMMENDATION

Accordingly, the court recommends that Bright's Title VII claims against Defendants White and Pollet be dismissed.[1]

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 23, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] If this recommendation is adopted, only Bright's claims against Defendant P. Kaufmann, Inc. would remain before the court, and this matter should be recommitted to the assigned magistrate judge for further pre-trial handling.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).